1  Ernest W. "Will" Klatte, III (State Bar No. 115914)
   ewklatte@kbylaw.com
2  Summer Young-Agriesti (State Bar No. 232883)
   syoung@kbylaw.com
3  Selwyn Chu (State Bar No. 285568)
   schu@kbylaw.com
4  KLATTE, BUDENSIEK & YOUNG-AGRIESTI, LLP
   20341 SW Birch, Suite 200
5  Newport Beach, California 92660-1514
   Telephone:  949-221-8700
6  Facsimile: 949-222-1044

7  Attorneys for Defendant
   FedEx Ground Package System, Inc.
8

                IN THE UNITED STATES DISTRICT COURT
9
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 AARON RANGEL, as an individual and | CASE NO.:  **SACV13-01718 DOC (JCGx)**
   on behalf of others similarly situated,
12                                      | **NOTICE OF REMOVAL OF ACTION**
              Plaintiff,                | **(CLASS ACTION)**
13
                                        | [Filed concurrently with Declaration of
14      vs.                             | Kiersten Crosby, Declaration of Jason
                                        | Norris, Declaration of Ernest W. "Will"
15 FEDEX GROUND PACKAGE                 | Klatte, Notice of Related Cases,
   SYSTEM, INC., a Delaware             | Corporate Disclosure Statement, and
16 Corporation, and DOES 1 through 100, | Certification of Interested Parties]
   inclusive,
17
              Defendants.
18
                                        | (Orange County Superior Court Case
19                                      | No. 30-2013-00678062-CU-OE-CXC)
20

21 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22 CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AARON RANGEL, AND

23 HIS ATTORNEYS OF RECORD:

24      PLEASE TAKE NOTICE that Defendant FEDEX GROUND PACKAGE

25 SYSTEM, INC., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes

26 the above-captioned matter, which was commenced in the Superior Court of the

27 State of California, County of Orange, as Case No. 30-2013-00678062, to the

28 United States District Court for the Central District of California.

1    The specific grounds for removal are as follows:

2        1.    Upon information and belief, on September 24, 2013, Plaintiff Aaron
3    Rangel ("Plaintiff") filed an unverified Class Action Complaint for Damages and
4    Injunctive Relief (the "Complaint") in the Superior Court of the State of California,
5    County of Orange, identified as Case No. 30-2013-00678062, *Aaron Rangel, as an*
6    *individual and on behalf of others similarly situated, Plaintiff, v. FedEx Ground*
7    *Package System, Inc., a Delaware Corporation, and DOES 1 through 100,*
8    *inclusive, Defendants.*

9        2.    On or after October 1, 2013, Defendant FedEx Ground Package
10   System, Inc. ("FedEx Ground") was served with a copy of the Complaint,
11   Summons, and Civil Case Cover Sheet.  A true and correct copy of the Complaint,
12   Summons, and Civil Case Cover Sheet are attached as Exhibits to this Notice of
13   Removal of Action.

14       3.    On or about October 23, 2013, attorneys for FedEx Ground met and
15   conferred with Plaintiff's counsel of record regarding an error in Plaintiff's
16   definition of the putative class in the Complaint.  Declaration of Jason Norris in
17   Support of Notice of Removal ¶ 2. ("Norris Decl.".)  Counsel for Plaintiff advised
18   FedEx Ground that the relevant period of employment for the putative class,
19   including all subclasses and alternative subclasses, is not "from September 24, 2013
20   to the present," as alleged in the Complaint at paragraph 19. (*Id.* at ¶ 3.) (Defining
21   the putative class in this manner would exclude Plaintiff from the class.) (Norris
22   Decl. ¶ 2.) Rather, the relevant period is "from September 24, 2009 to the present."
23   (Norris Decl. ¶ 3.)  Counsel for Plaintiff confirmed that the stated period of
24   "September 24, 2013 to the present" was a typographical error, and indicated that
25   Plaintiff would promptly file either an amendment to the Complaint or a first
26   amended complaint to cure this error. (Norris Decl. ¶ 3.)
27   ///
28   ///

1    4.    As of the date of this removal notice, FedEx Ground has not been
2  served with an amended pleading by Plaintiff. (Norris Decl. ¶ 4.) Upon information
3  and belief, no such amended pleading has been filed with the Orange County
4  Superior Court. (Norris Decl. ¶ 4.)

5    5.    FedEx Ground timely filed an Answer to the Complaint immediately
6  prior to removal on October 31, 2013. A true and correct copy of the Answer to the
7  Complaint is attached as Exhibit B to this Notice of Removal.

8    6.    The Complaint, Summons, Civil Case Cover Sheet, Notice of Case
9  Assignment, Minute Order, and Answer to the Complaint constitute all process,
10  pleadings and orders served upon or by Defendant FedEx Ground in the Action, and
11  no other pleadings have been filed in the Action to the best of Defendant's
12  knowledge. True and correct copies of the Complaint, Summons and Civil Cover
13  Sheet are attached as Exhibit A. A true and correct copy of the Answer is attached
14  as Exhibit B. True and correct copies of the, Notice of Case Assignment and
15  Minute Order are attached as Exhibit C.

16    **THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY**
17    **PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

18    7.    On February 18, 2005, the Class Action Fairness Act of 2005 ("the
19  Act") was enacted. In relevant part, the Act grants federal district courts original
20  jurisdiction over civil class action lawsuits filed under federal or state law in which
21  any member of a class of plaintiffs is a citizen of a state different from any
22  defendant, and where the matter in controversy exceeds the sum or value of $5
23  million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). The Act
24  authorizes removal of such actions in accordance with 28 U.S.C. § 1446. While
25  there are a number of exceptions to this rule of original jurisdiction contained in
26  amended 28 U.S.C. §§ 1332(d)(3)-(5), none of them are applicable here.

27    8.    This Court has original jurisdiction over this case under 28 U.S.C. §
28  1332(d) of the Act, in that it is a civil action filed as a class action wherein the

1    matter in controversy exceeds the sum of $5 million, exclusive of interest and costs,

2    and at least one member (if not all) of the alleged class of plaintiffs is a citizen of a

3    state different from defendant.

4         9.    This action was initially brought pursuant to California Code of Civil

5    Procedure section 382 on behalf of a putative class with an aggregate potential

6    membership in excess of 100 individuals.

7         10.    Under section 1453(b) of the Act, "a class action may be removed to a

8    district court of the United States in accordance with section 1446 (except that the 1-

9    year limitation under section 1446(b) shall not apply), without regard to whether a

10   defendant is a citizen of the State in which the action is brought, except that such

11   action may be removed by any defendant without the consent of all defendants."

12   The Act's diversity requirement is satisfied when at least one plaintiff is a citizen of

13   a state in which none of the defendants are citizens, when one plaintiff is a citizen of

14   a foreign state and one defendant is a U.S. citizen, or when one plaintiff is a U.S.

15   citizen and one defendant is a citizen of a foreign state.  28 U.S.C. §§ 1332(d)(2),

16   1332 (d)(5)(B), 1453(a); *Rodgers v. Cent. Locating Serv.*, 412 F. Supp. 2d 1171,

17   1174-1179 (W.D. Wa. 2006).

18        11.    FedEx Ground is informed and believes that Plaintiff was, at the time

19   of the filing of this action, and still is, a resident and citizen of the State of

20   California.

21        12.    At the time this action was filed in Orange County Superior Court,

22   FedEx Ground was, and at the time of removal still is, a citizen of states other than

23   California.

24              a. A "corporation shall be deemed to be a citizen of every State and

25                 foreign state by which it has been incorporated and of the State or

26                 foreign state where it has its principal place of business . . . ."  28

27                 U.S.C. § 1332 (c)(1) (2012).

28

b. For purposes of diversity, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). The "principal place of business" is the metaphorical "nerve center." *Id.* at 93. And "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93. The "nerve center" is a single place within a State, not the State itself. *Id.*

c. FedEx Ground is incorporated in the State of Delaware. (Declaration of Kiersten Crosby in Support of Notice of Removal of Action ("Crosby Decl.") ¶ 3.)

d. Under the "nerve center" test, FedEx Ground's "principal place of business" is Moon Township, Pennsylvania. FedEx Ground maintains its headquarters in Moon Township, Pennsylvania. (Crosby Decl. ¶ 4.) And it is at the headquarters where FedEx Ground's officers direct, control, and coordinate the company's business activities. (Crosby Decl. ¶ 5.) FedEx Ground's Moon Township headquarters house FedEx Ground's executive and administrative offices, including its human resources, information technology, and legal departments. (Crosby Decl. ¶ 6.) FedEx Ground's senior executives, including the company's chief executive officer, chief operating officer, chief information officer, chief financial officer, and general counsel are located at its Moon Township headquarters. (Crosby Decl. ¶ 7)) Therefore, FedEx

1   Ground's "principal place of business" is Moon Township,
2   Pennsylvania.

3      e. Since FedEx Ground is incorporated in the State of Delaware and its
4   "principal place of business" is Moon Township, Pennsylvania,
5   there is diversity of citizenship between FedEx Ground and
6   Plaintiff, a California resident.

7      13.   The Complaint further names Does 1 through 100 as defendants. The
8   citizenship of defendants sued under fictitious names as Doe defendants is
9   disregarded for purposes of removal based on diversity jurisdiction. 28 U.S.C. §
10  1441(b)(1) (2012). Therefore, removal is proper because the court has diversity-of-
11  citizenship jurisdiction. 28 U.S.C. § 1332 (2012).

12     14.   Based upon the foregoing, diversity is established because plaintiffs are
13  citizens of California and none of the defendants are citizens of California.

14     15.   Removal and Intradistrict Assignment to the Los Angeles (Western)
15  division of this Court is proper because defendant conducts business within the
16  County of Los Angeles and, prior to his termination, Plaintiff worked at FedEx
17  Ground's facility located in Los Angeles County. (Crosby Decl. ¶ 9.)

18     16.   The Class Action Fairness Act, 28 U.S.C. § 1332(d) authorizes the
19  removal of class action cases in which, among other factors mentioned above, the
20  amount in controversy for all class members exceeds $5 million. Although
21  Plaintiff's Complaint is silent as to the total amount of monetary relief sought by
22  plaintiffs, that does not deprive this Court of jurisdiction. *White v. J.C. Penney Life*
23  *Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to a
24  federal court notwithstanding the failure of Plaintiff to plead a specific dollar
25  amount in controversy; if the rules were otherwise, "any Plaintiff could avoid
26  removal simply by declining . . . to place a specific dollar value upon its claim.").

27     17.   Under CAFA, Defendant need only establish by a preponderance of the
28  evidence that Plaintiff's claim exceeds the jurisdictional minimum. *Rodriguez v. AT*

1   *& T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). "This [preponderance]

2   burden is not 'daunting,' as courts recognize that under this standard a removing

3   defendant is not obligated to 'research, state, and prove the plaintiff's claims for

4   damages.'" *Schiller v. David's Bridal, Inc.*, No.10-CV-00616, 2010 U.S. Dist.

5   LEXIS 81128, *5 (E.D. Cal. July 14, 2010) (quoting *McCraw v. Lyons*, 863 F.Supp.

6   430, 434 (W.D. Ky. 1994)) (denying plaintiff's motion to remand).

7       18.   In determining whether the minimum jurisdictional amount is met, "a

8   court must assume that the allegations of the complaint are true and that a jury will

9   return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo*

10   *Ralph Lauren Corp.*, 536 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth*

11   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D.

12   Cal. 2002)). In measuring the amount in controversy, "[t]he ultimate inquiry is what

13   amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will

14   *actually* owe." *Korn*, 536 F. Supp. 2d at 1205 (emphasis in original) (citing *Rippee*

15   *v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

16       19.   While FedEx Ground denies the validity of Plaintiff's claims and

17   requests for relief thereon, the facial allegations in Plaintiff's Complaint and his

18   claimed damages are in excess of the jurisdictional minimum. *Luckett v. Delta*

19   *Airlines, Inc.,* 171 F.d 295, 298 (5th Cir. 1999) (finding that facts presented in notice

20   of removal, combined with plaintiff's allegations, sufficient to support finding of

21   jurisdiction); *DeAguillar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (stating

22   that "defendant can show by a preponderance of the evidence that the amount in

23   controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.,*

24   980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.,* 319 F.3d 672, 674

25   (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a

26   claim for attorney's fees, that plaintiff's claim exceeded the jurisdictional threshold).

27   Even where the jurisdictional amount is not facially apparent from the Complaint,

28   the court may consider facts in the removal petition. *Singer v. State Farm Mut.*

1 *Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see Valdez v. Allstate Ins. Co.*,

2 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he amount-in-controversy inquiry in the

3 removal context is not confined to the face of the complaint.").

4        20.    In his Complaint, Plaintiff's claim that he and the other putative class

5 members working at FedEx Ground were not paid overtime wages, were denied

6 meal breaks, were not paid reporting time, that defendant failed to maintain accurate

7 wage records, and that defendant failed to reimburse plaintiffs for business

8 expenses. (Compl., passim).   Plaintiff alleges that FedEx Ground engaged in a

9 system of willful violations by creating and maintaining policies and practices that

10 deprived Plaintiff and the putative class members of their vested vacation wages,

11 including but not limited to floating holidays, personal days, flexible days, paid time

12 off. (Compl., ¶4.) Plaintiff further claims, that as a result, he and other putative

13 class members are entitled to, among other things, penalties, compensatory

14 damages, equitable relief, attorneys' fees and costs. (Compl., passim.)

15        21.    Virtually all Plaintiff's claims in the Complaint give rise to statutory

16 penalties.    Because the Complaint does not specifically plead an amount in

17 controversy less than $5,000,000.00, nor does it seek less than the full measure of

18 statutory penalties on behalf of the named plaintiff or the putative class, it is fair, as

19 numerous courts have done, to look to the *maximum* statutory penalty in

20 determining whether the jurisdictional amount in controversy requirement is

21 met. *See Korn*, 536 F. Supp. 2d at 1205-1206*; see also Saulic v. Symantec Corp.*,

22 No. 07-CV-610, 2007 U.S. Dist. LEXIS 96640 (C.D. Cal. Dec. 26, 2007) (holding

23 that where plaintiff had pled that damages could be up to the statutory maximum

24 defendants must simply show that there are at least 5,001 putative class claims in

25 order to meet the jurisdiction requirements of the CAFA); *Romeo v. The Home

26 Depot*, No. 06-CV-1505, 2006 U.S. Dist. LEXIS 79881 (S.D. Cal. Oct. 30, 2006)

27 (same).

28

22.     Plaintiff seeks, without limitation, all "damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fee[s]..." (Compl. Prayer for Relief ¶11.)   Labor Code § 226 provides that the employer must furnish accurate wage statements, and allows for penalties of up to a maximum amount of $4,000.   Here, there are approximately 15,790 nonexempt employees (former and present) who are/were employed in California working at FedEx Ground as Package Handlers[1] at any time between September 24, 2009 through the present. (Crosby Decl. ¶16.)   If each past and present employee were awarded $4,000 in penalties pursuant to Labor Code § 226, as sought in the Complaint, said penalties alone would exceed $5,000,000. (Id.)   Even an award to a smaller class or for fewer penalties would exceed $5,000,000. (Id.)

23.     Moreover Plaintiff further alleges that FedEx Ground engaged in a pattern and practice of failing to pay Plaintiff and the putative class members wages owed at the end of employment pursuant to California Labor Code §§ 201 to 204. (Compl. ¶ 70.)   Plaintiff alleges that Plaintiff and the putative class are entitled to continued payment of wages for up to thirty (30) days as a result of the alleged violations pursuant to California Labor Code § 203. (Compl. ¶ 79.)   These claims alone exceed $5,000,000.   There were approximately 11,206 Package Handlers that have terminated employment during the period from September 24, 2009 to October 29, 2013. (Crosby Decl. ¶ 17.)   Even based upon an average work day of 2 hours and payment of $8 per hour, the amount in controversy on this claim alone would exceed $5,000,000. (Crosby Decl. ¶ 18.)

24.     In addition to the claims for waiting time wages under Labor Code § 203 and wage statement penalties under Labor Code § 226, each of which by itself satisfies the amount in controversy requirement, Plaintiff also alleges six other

---

[1] FedEx Ground employs Package Handlers to help facilitate the transportation of packages through its network.  Specifically, a Package Handler is typically – although not exclusively – responsible for physical loading, unloading, and/or sorting of packages by hand in a safe and efficient manner. (Crosby Decl. ¶ 10.)

CASE No.:_____
NOTICE OF REMOVAL OF ACTION
(CLASS ACTION)

1  claims based upon allegations that FedEx Ground failed to provide meal breaks,
2  failed to provide rest breaks, failed to pay minimum wages, failed to pay overtime
3  wages, and failed to pay vacation wages. (Compl. passim.) While Plaintiff's
4  complaint does not precisely specify the frequency of the alleged violations, it does
5  claim the violations are "systemic." (Compl. ¶ 2.) If the alleged systemic violations
6  equaled or exceeded 40 hours of unpaid wages for each of the approximately 15,790
7  putative class members at even the minimum hourly rate of $8, damages on these
8  claims would also, by themselves, exceed $5,000,000.

9       25.   In addition to the foregoing, Plaintiff's Complaint also seeks an award
10  of attorneys' fees. It is well-settled that in determining whether a complaint meets
11  the amount in controversy requirement, the Court should consider attorneys' fees.
12  *Bell v. Preferred Life,* 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l Inc.,* 678 F.2d
13  1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine
14  jurisdictional amounts).

15       26.   As required by 28 U.S.C. § 1446(d), the original Notice was filed
16  within 30 days after FedEx Ground was first served with a copy of the Summons
17  and Complaint.

18       27.   As required by 28 U.S.C. § 1446(d), FedEx Ground provided notice of
19  this removal to Plaintiff through his attorney of record.

20       28.   As required by 28 U.S.C. § 1446(d), a copy of the original Notice of
21  Removal will be filed with the Superior Court of the State of California, for the
22  County of Orange.

23       29.   In the event this Court has a question regarding the propriety of this
24  Notice of Removal, FedEx Ground requests that it issue an Order to Show Cause so
25  that it may have an opportunity to more fully brief the basis for this removal.

26       WHEREFORE, Defendant FedEx Ground hereby respectfully requests that
27  this action be duly removed from the Superior Court of the State of California,
28  ///

1  County of Orange, to the United States District Court for the Central District of

2  California and that the action proceed therein.

3  Dated:  October 31, 2013                              Klatte, Budensiek & Young-Agriesti, LLP

4

5                                                                    By:

6                                                                         Ernest W. "Will" Klatte, III
                                                                          Attorneys for Defendant
7                                                                         FedEx Ground Package System, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE No.: _____
NOTICE OF REMOVAL OF ACTION
(CLASS ACTION)

# Exhibit "A"

# Exhibit "A"

1   PETER M. HART (State Bar No. 198691)
2   TRAVIS HODGKINS (State Bar No. 262063)
    **LAW OFFICES OF PETER M. HART**
    12121 Wilshire Blvd., Suite 205
3   Los Angeles, CA 90025
    Telephone: (310) 478-5789
4   Facsimile: (509) 561-6441

5   KENNETH H. YOON (State Bar No. 198443)
    STEPHANIE E. YASUDA (State Bar No. 265480)
6   **LAW OFFICES OF KENNETH H. YOON**
    One Wilshire Boulevard, Suite 2200
7   Los Angeles, California 90017-3383
    Telephone: (213) 612-0988
8   Facsimile: (213) 947-1211

9   Attorneys for Plaintiff Aaron Rangel

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/24/2013** at 01:00:23 PM

Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          FOR THE COUNTY OF ORANGE

12   AARON RANGEL, as an individual and on          30-2013-00678062-CU-OE-CXC
     behalf of others similarly situated,
13                                                   **CLASS ACTION**
                    Plaintiff,
14                                                   **COMPLAINT FOR DAMAGES AND**
              v.                                     **INJUNCTIVE RELIEF FOR:**
15
     FEDEX GROUND PACKAGE SYSTEM,                    **(1) FAILURE TO PROVIDE MEAL**
16   INC., a Delaware Corporation, and DOES 1            **PERIODS;**
     through 100, inclusive,
17                                                   **(2) FAILURE TO AUTHORIZE AND**
                    Defendants.                          **PERMIT REST BREAKS;**
18
                                                     **(3) VIOLATION OF LABOR CODE § 227.3**
19                                                       **(VACATION);**

20                                                   **(4) FAILURE TO PAY MINIMUM WAGES;**

21                                                   **(5) FAILURE TO PAY OVERTIME WAGES;**

22                                                   **(6) FAILURE TO PAY REPORTING TIME**
                                                         **PAY;**
23
                                                     **(7) VIOLATION OF LABOR CODE § 226**
24                                                       **(RECORD KEEPING);**

25                                                   **(8) VIOLATION OF LABOR CODE § 203;**

26                                                   **(9) UNFAIR BUSINESS PRACTICES**
                                                         **(Violation of California Business &**
27                                                       **Professions Code §17200, *et seq*.)**

28                                                   **DEMAND FOR JURY TRIAL**

                                                         HON GAIL A. ANDLER
                                                   1
─────────────────────────────────────────────────────────────
            CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff AARON RANGEL ("Plaintiff") hereby submits this Class Action Complaint
2   for Damages and Injunctive Relief against Defendant FEDEX GROUND PACKAGE SYSTEM, INC.
3   and Does 1-100 ("Defendants") on behalf of himself and the Class of others similarly situated current
4   and former employees of Defendants, as follows:

5                                    **INTRODUCTION**

6           1.      This class action is within the Court's jurisdiction under California Labor Code
7   §§ 201-204, 226, 226.7, 227.3, 1194, and the California Business and Professions Code § 17200, *et*
8   *seq.* (Unfair Competition Law ("UCL")), and the applicable wage order(s) issued by the Industrial
9   Welfare Commission ("IWC"), including IWC Wage Order No. 9-2001 §§ 3, 4, 7, 11 and 12.

10          2.      This complaint challenges systemic illegal employment practices resulting in
11  violations of the California Labor Code, Business and Professions Code and applicable IWC wage
12  orders against employees of Defendants.

13          3.      Defendants, joint and severally have acted intentionally and with deliberate
14  indifference and conscious disregard to the rights of all employees in forfeiture of vacation wages
15  (including, but not limited to, floating holidays, personal days, flexible days, paid time off, 'PTO', and
16  other paid time off), failure to reimburse for all work related travel mileage expenses, failure to
17  properly compensate employees for minimum wages for all hours worked, failure to pay all overtime
18  wages due to incorrect calculation of the regular rate of pay, failure to provide meal and rest breaks,
19  and failure to provide accurate itemized wage statements.

20          4.      Defendants have engaged in, among other things, a system of willful violations
21  of the California Labor Code, Business and Professions Code and applicable IWC wage orders by
22  creating and maintaining policies, practices and customs that knowingly deny employees their vested
23  vacation wages (including, but not limited to, floating holidays, personal days, flexible days, paid time
24  off, 'PTO,' and other paid time off), reimbursement for all work related expenses, minimum
25  compensation for all hours worked, overtime compensation at the correct rate, legally-mandated meal
26  and rest breaks and the corresponding premium pay, and accurate itemized wage statements.

27          5.      The policies, practices and customs of Defendants described above and below
28  have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and
2  applicable IWC wage orders.

3                              **JURISDICTION AND VENUE**

4          6.      The Court has jurisdiction over the violations of the California Labor Code §§
5  201-204, 226, 226.7, 227.3, 1194, the UCL, and the applicable wage order(s) issued by the IWC.

6          7.      This Court has jurisdiction over this Class Action pursuant to California Code
7  of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

8          8.      Venue is proper because at least one of Defendants does business in and has
9  employees in the State of California and County of Los Angeles.

10                                    **PARTIES**

11         9.      Plaintiff Aaron Rangel was employed in California, in Los Angeles County, as
12  an hourly non-exempt employee of Defendant as a package handler and loader beginning in July 2007
13  until on or about September 2012. Plaintiff alleges the following facts that form the basis of his
14  claims: (1) Plaintiff and similarly situated employees were not provided and not permitted to take
15  legally-mandated meal breaks and rest breaks, and were not compensated meal period premiums or
16  rest break premiums, (2) Plaintiff and similarly situated employees were not paid all vacation wages,
17  including, but not limited to, floating holidays, personal days, flexible days, paid time off, 'PTO', and
18  other paid time off, in that Plaintiff was not paid for all vacation hours, including, but not limited to,
19  floating holidays, personal days, flexible days, paid time off, 'PTO', and other paid time off, that he
20  had earned and not used at the time his employment ended, (3) Plaintiff and similarly situated
21  employees were not paid all minimum wages and overtime wages for hours worked, including for
22  training and meetings, (4) Plaintiff and similarly situated employees were not paid all overtime hours
23  worked at the correct rate of pay due to the incorrect calculation of the regular rate due to failure to
24  include all bonuses, shift differential pay, and incentive pay and failed to pay all overtime wages owed
25  due to work related travel, (5) Plaintiff and similarly situated employees were not paid their final
26  wages in a timely fashion at the end of his employment, including not paid all wages earned and owed
27  at the end of employment, (6) Plaintiff and similarly situated employees were not given accurate and
28  itemized wage statements for all of the above reasons,. Plaintiff's hourly pay rate was $13.81 an hour

                                          3

1    at the end of his employment with Defendants in Los Angeles County, California.  Plaintiff Rangel

2    was and is a victim of the policies, practices and customs of Defendants complained of in this action in

3    ways that have deprived his of the rights guaranteed him by California Labor Code §§ 201-204, 226,

4    226.7, 227.3, 1194, the UCL, and the applicable wage order(s) issued by the IWC.

5            10.    Plaintiff is informed and believes and based thereon alleges Defendant FedEx

6    Ground Package System, Inc., was and is a Delaware corporation registered with the California

7    Secretary of State and doing business in the State of California.   Defendant FedEx Ground Package

8    System, Inc. employed Plaintiff and similarly situated persons in the State of California.

9            11.    Plaintiff is informed and believes and thereon alleges that at all times herein

10   mentioned Defendants and DOES 1 through 100, are and were corporations, business entities,

11   individuals, and partnerships, licensed to do business and actually doing business in the State of

12   California.

13           12.    Defendants own and operate locations in the State of California including in

14   and/or around Orange County and employ several hundred non-exempt hourly employees such as

15   Plaintiff at any given time in the State of California.

16           13.    As such, and based upon all the facts and circumstances incident to Defendants'

17   businesses in California, Defendants are subject to California Labor Code §§ 201-204, 226, 226.7,

18   227.3, 1194, the UCL, and the applicable wage order(s) issued by the IWC.

19           14.    Plaintiff does not know the true names or capacities, whether individual, partner

20   or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason,

21   said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

22   complaint when the true names and capacities are known. Plaintiff is informed and believes and

23   thereon alleges that each of said fictitious Defendants was responsible in some way for the matters

24   alleged herein and proximately caused Plaintiff and members of the general public and Class to be

25   subject to the illegal employment practices, wrongs and injuries complained of herein.

26           15.    At all times herein mentioned, each of said Defendants participated in the doing

27   of the acts hereinafter alleged to have been done by the named Defendants; furthermore, the

28   Defendants, and each of them, were the agents, servants and employees of each of the other

4

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 | Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting
2 | within the course and scope of said agency and employment.

3 |     16.     Plaintiff is informed and believes and based thereon alleges that at all times
4 | material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter
5 | ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was
6 | acting within the course and scope of such agency, employment, joint venture, or concerted activity.
7 | To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the
8 | remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting
9 | Defendants.

10 |     17.     At all times herein mentioned, Defendants, and each of them, were members of,
11 | and engaged in, a joint venture, partnership and common enterprise, and acting within the course and
12 | scope of, and in pursuance of, said joint venture, partnership and common enterprise.

13 |     18.     At all times herein mentioned, the acts and omissions of various Defendants,
14 | and each of them, concurred and contributed to the various acts and omissions of each and all of the
15 | other Defendants in proximately causing the injuries and damages as herein alleged. At all times
16 | herein mentioned, Defendants, and each of them, ratified each and every act or omission complained
17 | of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts
18 | and omissions of each and all of the other Defendants in proximately causing the damages as herein
19 | alleged.

20 | **CLASS ACTION ALLEGATIONS**

21 |     19.     Definition: The named individual Plaintiff brings this action on behalf of
22 | himself and a Class of all current and former employees classified by Defendants as non-exempt from
23 | overtime who worked as Package Handlers and Loaders for Defendants in California during the period
24 | from September 24, 2013 to the present, including the following Subclasses:

25 |     (a) all employees classified by Defendants as non-exempt from overtime who worked
26 | as Package Handlers and Loaders for Defendants in California and who worked one or more shifts in
27 | excess of six (6) hours during the period from September 24, 2013 to the present;

28 |     As an alternative to Subclass (a):

5

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1        (a)(1) all employees classified by Defendants as non-exempt from overtime who
2   worked as Package Handlers and Loaders for Defendants in California who worked one or more shifts
3   in excess of six (6) hours and who were not provided a 30-minute meal break during the period from
4   September 24, 2013 to the present;

5        (b) all employees classified by Defendants as non-exempt from overtime who worked
6   as Package Handlers and Loaders for Defendants in California and who worked one or more shifts
7   equal to or in excess of three and one-half (3.5) hours during the period from September 24, 2013 to
8   the present;

9        As an alternative to Subclass (b):

10        (b)(1) all employees classified by Defendants as non-exempt from overtime who
11   worked as Package Handlers and Loaders for Defendants in California who worked one or more shifts
12   equal to or in excess of three and one-half (3.5) hours and who were not provided a 10-minute rest
13   break during the period from September 24, 2013 to the present;

14        (c) all employees classified by Defendants as non-exempt from overtime who worked
15   as Package Handlers and Loaders for Defendants in California and who worked one or more shifts in
16   excess of eight (8) hours where according to employees' time records or work schedules these shifts in
17   excess of eight (8) hours crossed over 11:59 pm and 12:00 am during the period from September 24,
18   2013 to the present;

19        (d) all employees classified by Defendants as non-exempt from overtime who worked
20   as Package Handlers and Loaders for Defendants in California who, based on Defendant's records,
21   had accrued and unused vacation time (including vacation equivalent time such as floating holidays,
22   flexible days, PTO days, and/or personal days) that was forfeited and not paid at time of termination of
23   employment and whose employment was terminated at any time from September 24, 2013 to the
24   present;

25        As an alternative to Subclass (e), Plaintiff seeks certification of Subclass (e)(1):

26        (e)(1) all employees classified by Defendants as non-exempt from overtime who
27   worked as Package Handlers and Loaders for Defendants in California to whom Defendants applied
28   policies regarding vacation time (including vacation equivalent days such as floating holidays, flexible

1 | days, PTO days, and/or personal days) and whose employment was terminated at any time from
2 | September 24, 2013 to the present;

3 |         (f) all employees classified by Defendants as non-exempt from overtime who worked
4 | as Package Handlers and Loaders for Defendants in California and who worked more than 8 hours in a
5 | workday or 40 hours in a workweek during the period from September 24, 2013 to the present;

6 |         (g) all employees classified by Defendants as non-exempt from overtime who worked
7 | as Package Handlers and Loaders for Defendants in California who worked more than 8 hours in a
8 | workday or 40 hours in a workweek and who were paid non-discretionary pay items, including but not
9 | limited to non-discretionary bonuses, incentives, or differentials during the period from September 24,
10 | 2013 to the present;

11 |         (h) all employees classified by Defendants as non-exempt from overtime who worked
12 | as Package Handlers and Loaders for Defendants in California and whose employment was terminated
13 | at any time from September 24, 2013 to the present;

14 |      As an alternative to Subclass (h), Plaintiff seeks certification of Subclass (h)(1), (h)(2),
15 | (h)(3) and/or (h)(4):

16 |         (h)(1) all employees classified by Defendants as non-exempt from overtime who
17 | worked as Package Handlers and Loaders for Defendants in California whose employment was
18 | terminated at any time from September 24, 2013 to the present and who were paid their final pay with
19 | a debit card;

20 |         (h)(2) all employees classified by Defendants as non-exempt from overtime who
21 | worked as Package Handlers and Loaders for Defendants in California whose employment was
22 | terminated at any time from September 24, 2013 to the present and who were given their final pay
23 | beyond 72 hours from the end of their employment, at any time between September 18, 2009 to the
24 | present;

25 |         (h)(3) all employees classified by Defendants as non-exempt from overtime who
26 | worked as Package Handlers and Loaders for Defendants in California whose employment was
27 | terminated at any time from September 24, 2013 to the present and who were suspended from work
28 | without pay prior to being terminated;

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(h)(4) all employees classified by Defendants as non-exempt from overtime who worked as Package Handlers and Loaders for Defendants in California whose employment was terminated while on Defendants property at any time from September 24, 2013 to the present;

(i) all current and former Package Handler and Loader employees classified by Defendants as non-exempt from overtime who worked in California who received itemized wage statements showing Defendant as their employer, at any time from September 24, 2103 to the present.

20.     Numerosity: The members of the Class and each Subclass exceed 100 persons and are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) Class Members had vacation wages forfeited; (b) Class Members were not provided legally-mandated meal and rest breaks and were not paid the corresponding premium pay; (c) Class Members were not reimbursed for all work-related expenses, namely, mileage; (d) Class Members were not paid all minimum wages owed; (e) Class Members were not paid all overtime wages at the correct rate of pay; (f) Class Members were not provided accurate itemized wage statements pursuant to California Labor Code § 226; (g) Class Members were not paid their final wages in a timely fashion and not paid all wages earned and owed at the end of their employment and are entitled to waiting time penalties pursuant to California Labor Code § 203.

21.     Adequacy of Representation: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have certified, prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

22.     Common Question of Law and Fact: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants': (a) failure to pay all vested vacation wages, (b) failure to provide legally-mandated meal and rest breaks, (c) failure to reimburse for all work related expenses or losses, (d) failure to pay all minimum and overtime wages for off-the-clock hours worked after time clocks were turned off at

1  midnight, (e) failure to keep and provide accurate payroll records in violation of Labor Code § 226; (f)

2  Class Members were not paid their final wages in a timely fashion and not paid all wages earned and

3  owed at the end of their employment and are entitled to waiting time penalties pursuant to California

4  Labor Code § 203and (g) engaging in unfair business practices.

5          23.    Typicality: The claims of Plaintiff are typical of the claims of all members of

6  the Class.  Plaintiff is a member of the Class and has suffered the alleged violations of California

7  Labor Code §§ 201-204, 226, 226.7, 227.3, 1194, the UCL, and the applicable wage order(s) issued by

8  the IWC.

9          24.    The California Labor Code and Wage Order provisions upon which Plaintiff

10  bases his claims are broadly remedial in nature. These laws and labor standards serve an important

11  public interest in establishing minimum working conditions and standards in California. These laws

12  and labor standards protect the average working employee from exploitation by employers who may

13  seek to take advantage of superior economic and bargaining power in setting onerous terms and

14  conditions of employment.

15          25.    The nature of this action and the format of laws available to Plaintiff and

16  members of the Class identified herein make the class action format a particularly efficient and

17  appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an

18  individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

19  since they would be able to exploit and overwhelm the limited resources of each individual plaintiff

20  with their vastly superior financial and legal resources.  Requiring each Class Member to pursue an

21  individual remedy would also discourage the assertion of lawful claims by employees who would be

22  disinclined to file an action against their former and/or current employer for real and justifiable fear of

23  retaliation and permanent damage to their careers and subsequent employment.

24          26.    The prosecution of separate actions by the individual Class Members, even if

25  possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to

26  individual Class Members against the Defendants and which would establish potentially incompatible

27  standards of conduct for the Defendants; and/or (b) adjudications with respect to individual Class

28  Members which would, as a practical matter, be dispositive of the interest of the other Class Members

1    not parties to the adjudications or which would substantially impair or impede the ability of the class

2    members to protect their interests.  Further, the claims of the individual members of the Class are not

3    sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs

4    and expenses.

5            27.    Proof of a common business practice or factual pattern, which the named

6    Plaintiff experienced and is representative of, will establish the right of each of the members of the

7    Class to recovery on the causes of action alleged herein

8            28.    The Class is commonly entitled to a specific fund with respect to the

9    compensation illegally and unfairly retained by Defendants.  The Class is commonly entitled to

10   restitution of those funds being improperly withheld by Defendants. This action is brought for the

11   benefit of the entire Class and will result in the creation of a common fund.

12                          **FIRST CAUSE OF ACTION**

13       **Failure to Provide Meal Periods in Violation of Labor Code Section 226.7**

14              **(Against All Defendants by Plaintiff and the Class)**

15           29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as

16   though fully set forth herein.

17           30.    In accordance with the mandates of the California Labor Code and the

18   applicable IWC Wage Order, Plaintiff and the Class had the right to take a 30-minute meal period for

19   every five (5) hours worked.

20           31.    As a pattern and practice, Defendants regularly did not provide employees with

21   their meal periods and did not provide proper compensation for this failure.

22           32.    Defendants' policy of failing to provide Plaintiff and the Class with legally-

23   mandated meal periods is a violation of California law.

24           33.    Defendants willfully failed to pay employees whom they did provide the

25   opportunity to take meal periods the premium compensation set out in Labor Code § 226.7 and the

26   applicable IWC Wage Order, and Plaintiff and the Class are owed wages for meal period premiums as

27   set forth above.

28           34.    Such a pattern, practice and uniform administration of corporate policy as

                                    10
                  ─────────────────────────────────────────

1  described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified

2  herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code

3  § 226.7 and the applicable IWC Wage Order, including interest thereon.

4       35.    Defendants willfully failed to provide meal periods and the corresponding

5  premium compensation. Defendants' willful failure to provide meal periods and failure to pay meal

6  period premium wage pay upon separation from employment results in a continued payment of wages

7  up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who

8  have separated from employment are entitled to compensation pursuant to Labor Code § 203.

9  **SECOND CAUSE OF ACTION**

10  **Failure Provide and Authorize and Permit Rest Breaks in Violation of Labor Code Section**

11  **226.7**

12  **(Against All Defendants by Plaintiff and the Class)**

13       36.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 as

14  though fully set forth herein.

15       37.    In accordance with the mandates of the California Labor Code and the

16  applicable IWC Wage Order, Plaintiff and the Class had the right to take a 10-minute rest break for

17  every four (4) hours worked, or major fraction thereof.

18       38.    As a pattern and practice, Defendants regularly did not provide employees with

19  their rest breaks and did not provide proper compensation for this failure.

20       39.    Defendants' policy of failing to provide Plaintiff and the Class with legally-

21  mandated rest breaks is a violation of California law.

22       40.    Defendants willfully failed to pay employees whom they did provide the

23  opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and the

24  applicable IWC Wage Order, and Plaintiff and the Class are owed wages for rest break premiums as

25  set forth above.

26       41.    Such a pattern, practice and uniform administration of corporate policy as

27  described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified

28  herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code

11
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

§ 226.7 and the applicable IWC Wage Order, including interest thereon.

42.    Defendants willfully failed to provide rest breaks and the corresponding premium compensation. Defendants' willful failure to provide rest breaks and failure to pay rest break premium wage pay upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION

### For Forfeiture of Vacation in Violation of Labor Code § 227.3

### (Against All Defendants by Plaintiff and the Class)

43.    Plaintiff individually and on behalf of the Class re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44.    This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages of their employees (including but not limited to floating holidays, personal days, flexible days, paid time off, PTO, and other paid time off).

45.    As a matter of uniform corporate policy, procedure and practice Defendants violated Labor Code § 227.3 by compelling or coercing Plaintiff and members of the Class to forfeit vested vacation wages of Plaintiff and the Class (including but not limited to floating holidays, personal days, flexible days, paid time off, PTO, and other paid time off).

46.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action for damages and wages owed and for costs and attorneys' fees.

47.    Defendants willfully failed to pay employees all vacation wages for all hours worked.    Defendants' willful failure to provide all vacation wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## FOURTH CAUSE OF ACTION

12

**For Minimum Wages**

**(Against All Defendants by Plaintiff and the Class)**

48.     Plaintiff individually and on behalf of the Class re-alleges and incorporates by reference paragraphs 1 through 47 as though fully set for herein.

49.     At all times relevant herein, Defendants were required to compensate their employees correct and proper minimum wages for all hours worked.

50.     As a pattern and practice, Defendants regularly required Plaintiff and Class Members to work hours without the payment of minimum wages. More specifically, Defendants turned off time clocks at midnight and did not record employee hours worked by any other means after that time, resulting in a failure to compensate employees for off-the-clock hours worked. Thus, incorrect hours were calculated and Plaintiff and the Class were required to work these hours without the compensation of minimum wages. Additionally, as a pattern and practice, Defendants regularly required Plaintiff and Class Members to work hours, including time spent for training, meetings, shift changes, and other work under the control of Defendants without the payment of wages.

51.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class Members the proper wages for all hours worked.

52.     Defendants willfully failed to pay employees minimum wages for all hours worked. Defendants' willful failure to provide minimum wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

53.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of minimum wages owing, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

**FIFTH CAUSE OF ACTION**

**For Failure to Compensate For All Overtime Hours Worked in Violation of**

13

**Labor Code § 1194**

**(Against All Defendants by Plaintiff and the Class)**

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. This cause of action is brought pursuant to Labor Code § 1194, which provides that employees are entitled to overtime wages and compensation for work performed, and provides a private right of action for failure to pay legal overtime compensation for overtime work performed.

56. At all times relevant herein, Defendants were required to compensate their nonexempt, hourly employees for all overtime hours worked pursuant to in violation of California Labor Code § 1194.

57. As a pattern and practice, Defendants regularly miscalculated the overtime rate of pay by failing to include all non-discretionary bonuses, incentive pay, shift differential pay and other forms of pay in Defendants overtime rate calculations for Plaintiff and members of the Class. For example, Defendants would pay overtime at 1.5 times the regular rate of pay without including all earned bonuses, shift differential pay, and other incentive pay into the regular rate first. Accordingly, Plaintiff and Class Members were not compensated at the appropriate rate of overtime pay for all hours they were subject to the control of Defendants including all time they were suffered or permitted to work.

58. As a pattern and practice, Defendants regularly failed to pay all overtime pay by splitting time worked improperly over two days and, thus, did not pay daily overtime properly.

59. As a pattern and practice, Defendants regularly failed to pay overtime and double time wages for unpaid work time. For example, Defendants turned off time clocks at midnight and did not record employee hours worked by any other means after that time, resulting in a failure to compensate employees for off-the-clock hours worked. Thus, incorrect hours were calculated and Plaintiff and the Class were required to work these hours without the compensation of any overtime wages. Additionally, as a pattern and practice, Defendants regularly required Plaintiff and Class Members to work hours, including time spent for work related travel for Defendants outside of and beyond the normal commute and time spent for training, without the payment of overtime wages.

14
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

60.     As a pattern and practice, Defendants regularly failed to compensate Plaintiff and Class Members for overtime hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants reduced their labor costs by not paying its employees the appropriate overtime pay.  This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by requiring Plaintiff and members of the Class to work without proper overtime compensation.

61.     As a pattern and practice, in violation of the aforementioned labor laws and wage orders, Plaintiff is informed and believes and based thereon alleges Defendants did not properly maintain records pertaining to the proper and accurate rates of pay in violation of California Labor Code §§ 226 and 1194.

62.     Plaintiff is informed and believes and based thereon alleges Defendants regular business custom and practice of requiring overtime work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s). Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff for overtime compensation earned as required by California law.

63.     Defendants willfully failed to pay employees proper compensation for all overtime hours worked.  Defendants' willful failure to provide overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

64.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of overtime premiums owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

## SIXTH CAUSE OF ACTION

**For Failure Pay Reporting Time Pay in Violation of IWC Wage Order 9-2001 § 5**

15

(Against All Defendants by Plaintiff and the Class)

65.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64 as though fully set forth herein.

66.     This cause of action is brought pursuant to IWC Wage Order 9-2001 § 5, which provides that for each day an employee is required to report for work and does report, but is not put to work or is put to work for less than half the employee's scheduled work day, the employee is entitled to be paid for half the scheduled workday for no less than two (2) hours an no more than four (4) hours at the employee's regular rate of pay.

67.     As a pattern and practice, Defendants systematically required Plaintiff and Class Members to show up for work without compensation for their time reporting to work or payment of at least two (2) hours of pay.

68.     Defendants willfully failed to pay employees proper compensation for all overtime hours worked. Defendants' willful failure to provide overtime wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

69.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 218.5.

## SEVENTH CAUSE OF ACTION

### For Violation of Labor Code § 226 Regarding Record Keeping

### (Against All Defendants by Plaintiff and the Class)

70.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 69 as though fully set for herein.

71.     Defendants, as a matter of uniform policy, practice and procedure, did not maintain and keep accurate records of their California non-exempt hourly employees in violation of Labor Code § 226.

72.     For example, as a matter of policy and practice, among the violations of Labor Code § 226, Defendants failed to record and pay meal period and rest period premium wages when owed, failed to record all time worked, including all meal period breaks and all overtime worked and earned in a given workday, failed to pay all final wages at the end of employment and all wages earned and owed at the end of employment, failed to pay for all time suffered and permitted to work, resulting in a failure keep accurate records of the hours worked.  Defendants also failed to keep accurate records regarding the payment of wages, including the payment of minimum wages, overtime wages, vacation wages, reporting time wages, meal and rest period premium wages, and the corresponding rates of pay.

73.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

74.     Defendants' wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the Class in that the Defendants will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff and the Class have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**EIGHTH CAUSE OF ACTION**

**Violation of Labor Code §§ 201 – 203**

17

(Against All Defendants by Plaintiff and the Class)

75.    Plaintiff individually and on behalf of the Class re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set for herein.

76.    At all times relevant herein, Defendants were required to pay Plaintiff and Class Members all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

77.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and Class Members their final wages pursuant to Labor Code §§ 201 to 204 for all meal period wages, rest break wages, minimum wages, overtime wages, reporting time wages, and vacation wages that were not paid during employment as previously alleged, and accordingly owe waiting time penalties pursuant to Labor Code § 203.

78.    The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and Class Members' rights, and done by managerial employees of Defendants.

79.    Defendants' willful failure to pay all meal period, rest period, minimum wages, overtime wages, and vacation wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### NINTH CAUSE OF ACTION

**For Violations of Business and Professions Code § 17200, *et seq.***

**(Against All Defendants by Plaintiff and the Class)**

80.    Plaintiff individually and on behalf of the Class re-alleges and incorporates by reference paragraphs 1 through 79 as though fully set for herein.

81.    Defendants, and each of them, have engaged and continue to engage in unfair business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by their: (a) forfeiture of vested vacation wages; (b) failure to pay all

1  reporting time wages owed; (c) failure to pay all meal and rest period wages owed, and (d) failure to
2  pay all minimum wages and overtime wages earned.

3        82.    Further, as a pattern and practice, Defendants failed to reimburse employees for
4  all work related travel mileage expenses and losses.

5        83.    Defendants' utilization of such unfair business practices constitutes unfair
6  competition and provides an unfair advantage over Defendants' competitors.

7        84.    Plaintiff seeks, on his own behalf, on behalf of other members of the Class
8  similarly situated, and on behalf of the general public, full restitution of monies, as necessary and
9  according to proof, to restore any and all monies withheld, acquired and/or converted by the
10 Defendants by means of the unfair practices complained of herein.

11       85.    Plaintiff seeks, on his own behalf, on behalf of other members of the Class
12 similarly     situated,    and    on    behalf    of    the    general    public.
13 The restitution includes the equivalent of: (a) all unpaid minimum and overtime wages for hours
14 worked; (b) all unpaid vested vacation wages; (c) all unpaid meal and rest break wages owed, and (d)
15 all unpaid reporting time wages owed.

16       86.    The acts complained of herein occurred within the last four years preceding the
17 first filing of the complaint in this action.

18       87.    Plaintiff is informed and believes and on that basis alleges that at all times
19 herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as
20 proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth
21 herein above thereby depriving Plaintiff and other members of the general public the minimum
22 working condition standards and conditions due to them under the California laws and Industrial
23 Welfare Commission wage orders as specifically described therein.

24                               **PRAYER FOR RELIEF**

25       WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the
26 Class and the general public prays for judgment as follows:

27       1.     For an order certifying the proposed Classes and Subclasses;

28

                                      19
              CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

                                      Exhibit A Page 30

2.  For an order appointing Plaintiff as the representative of the Classes and Subclasses;

3.  For an order appointing Counsel for Plaintiff as class counsel;

4.  Upon the First Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;

5.  Upon the Second Cause of Action, for all rest break wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;

6.  Upon the Third Cause of Action, for all vested vacation wages pursuant to Labor Code § 227.3 and for costs and attorneys' fees and Labor Code § 203 waiting time wages;

7.  Upon the Fourth Cause of Action, for consequential damages according to proof, and for waiting time wages according to proof pursuant to California Labor Code § 203;

8.  Upon the Fifth Cause of Action, for all minimum wages owed, liquidated damages and for waiting time penalties according to proof pursuant to California Labor Code § 203;

9.  Upon the Fifth Cause of Action, for all overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code § 203;

10. Upon the Sixth Cause of Action, for reporting time wages owed, and for waiting time wages according to proof pursuant to Labor Code § 203;

11. Upon the Seventh Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fee, and for an order to show cause why Defendants should not be enjoined and ordered to comply with the requirements of Labor Code § 226 for Defendants' employees related to same, and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

12.    Upon the Eighth Cause of Action, for waiting time penalties according to proof pursuant to California Labor Code § 203;

13.    Upon the Ninth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by the UCL, and for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein, and for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

14.    For reasonable attorneys' fees, expenses and costs as provided by California Labor Code § 218.5, 226, 227.3, 1194 and Code of Civil Procedure § 1021.5; and,

15.    For such other and further relief the court may deem just and proper.

DATED:  September 24, 2013

LAW OFFICES OF PETER M. HART

By:

Travis Hodgkins
Attorneys for Plaintiff Aaron Rangel

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exhibit A Page 32

1                                **DEMAND FOR JURY TRIAL**

2                  Plaintiff, for himself and the Class, hereby demands a jury trial as provided by

3  California law.

4

5  Dated: September 24, 2013                         LAW OFFICES OF PETER M. HART

6

7                                          By:

8                                          Travis Hodgkins
                                 Attorneys for Plaintiff Aaron Rangel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware<br>Corporation, and DOES 1 through 100, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>AARON RANGEL, as an individual and on behalf of others similarly<br>situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/24/2013** at 01:00:23 PM<br><br>Clerk of the Superior Court<br>By Margaret M Demaria,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civil Complex Center<br><br>751 West Santa Ana Blvd.<br>Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br>30-2013-00678062-CU-OE-CXC<br><br>HON. GAIL A. ANDLER |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter M. Hart, 12121 Wilshire Blvd, Suite 205, Los Angeles, CA 90025, 310-207-0109

| | | | | |
|---|---|---|---|---|
| DATE: 09/24/2013<br>*(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by<br>*(Secretario)* | *Margaret De Maria* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).* Margaret M Demaria

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Peter M. Hart (SBN 198691)<br>LAW OFFICES OF PETER M. HART<br>12121 Wilshire Blvd., Suite 205<br>Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 207-0109   FAX NO.: (509) 561-6441<br>ATTORNEY FOR *(Name):* PLAINTIFF Aaron Rangel | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/24/2013 at 01:00:23 PM**<br><br>Clerk of the Superior Court<br>By Margaret M Demaria, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS: 751 West Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex West

CASE NAME:
RANGEL v. FEDEX GROUND PACKAGE SYSTEM, INC., ET AL.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | 30-2013-00678062-CU-OE-CXC |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: HON GAIL A. ANDLER |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 24, 2013
Peter M. Hart
Peter M. Hart
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit A Page 36

# Exhibit "B"

# Exhibit "B"

1  Klatte, Budensiek & Young-Agriesti, LLP
   Ernest W. "Will" Klatte, III (State Bar No. 115914)
2  ewklatte@kbylaw.com
   Summer Young-Agriesti (State Bar No. 232883)
3  syoung@kbylaw.com
   Selwyn Chu (State Bar No. 285568)
4  schu@kbylaw.com
   20341 SW Birch, Suite 200
5  Newport Beach, California 92660-1514
   Telephone:  949-221-8700
6  Facsimile:   949-222-1044

7  Attorneys for Defendant
   FedEx Ground Package System, Inc.
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**10/31/2013** at 10:18:00 AM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE – CIVIL COMPLEX CENTER

| | |
|---|---|
| AARON RANGEL, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 30-2013-00678062-CU-OE-CXC<br><br>ASSIGNED TO THE HONORABLE GAIL A. ANDLER DEPT. CX101<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO COMPLAINT**<br><br>Date Action Filed:  September 24, 2013<br>Trial Date:          None Set |

Defendant FedEx Ground Package System, Inc., for itself alone and no others, answers the unverified Complaint ("the Complaint") filed by Plaintiff Aaron Rangel, ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation of the Complaint. Without limiting the generality of the foregoing, Defendant further denies that Plaintiff has been damaged in any amount, or at all, by reason of any act, omission or conduct on the part of Defendant, or on the part of any of Defendant's agents, representatives and/or employees.

///

///

-1-

001/1052-006
38608 a10/31/13

1

## **AFFIRMATIVE DEFENSES**

2          For its separate and independent affirmative defenses in this action, and without conceding

3  that it bears the burden of proof or persuasion as to any such defenses, Defendant alleges as

4  follows:

5

### **FIRST AFFIRMATIVE DEFENSE**

6

### **(Failure to State a Cause of Action)**

7          The Complaint, and each and every purported cause of action alleged therein, fails to state

8  facts sufficient to constitute a cause of action against Defendant.

9

### **SECOND AFFIRMATIVE DEFENSE**

10

### **(Waiver/Estoppel)**

11         Plaintiff and the putative class members have waived, relinquished and/or abandoned, and

12  are equitably estopped to assert, any cause of action with respect to the matters which are the

13  subject of the Complaint, by reason of Plaintiffs' own actions and/or omissions, and course of

14  conduct.

15

### **THIRD AFFIRMATIVE DEFENSE**

16

### **(Unclean Hands)**

17         The Complaint, and each and every purported cause of action alleged therein, is barred in

18  whole or in part, by the doctrine of unclean hands.

19

### **FOURTH AFFIRMATIVE DEFENSE**

20

### **(Good Faith Dispute)**

21         Assuming Plaintiff and the putative class members were owed wages at the time of

22  termination (which Defendant denies), there existed a good-faith dispute regarding the amount of

23  wages owed to them.

24

### **FIFTH AFFIRMATIVE DEFENSE**

25

### **(No Permission to Work)**

26         Assuming Plaintiff and the putative class members worked hours for which they were not

27  paid (which Defendant denies), they were neither permitted nor required to work said hours.

28  ///

1

### SIXTH AFFIRMATIVE DEFENSE

2

#### (Waiver of Meal Period)

3      Plaintiff and the putative class members have executed a waiver, regarding Defendant's

4  obligation to provide off-duty meal periods, that is valid and enforceable.

5

### SEVENTH AFFIRMATIVE DEFENSE

6

#### (Statute of Limitations)

7      The Complaint, and Plaintiff and the putative class's right to recover damages thereunder,

8  is barred, in whole or in part, by all applicable statutes of limitations, including, but not limited to,

9  California Labor Code §203, Code of Civil Procedure sections 337, 338(a), 339, 340(a) and (b),

10  and 343, and Business and Professions Code section 17208, as well as all relevant provisions of

11  the Code of Civil Procedure, Civil Code, and the Labor Code, to the extent Plaintiff and the

12  putative class's claims are premised upon acts or omissions outside any applicable limitations

13  periods.

14

### EIGHTH AFFIRMATIVE DEFENSE

15

#### (Failure to Mitigate)

16      Plaintiff and the putative class members have failed, refused, and/or neglected to mitigate

17  or avoid the damages complained of in the Complaint, if any.

18

### NINTH AFFIRMATIVE DEFENSE

19

#### (Laches)

20      Defendant alleges that the Complaint and each and every alleged cause of action therein, is

21  barred, in whole or in part, by the equitable doctrine of laches.

22

### TENTH AFFIRMATIVE DEFENSE

23

#### (Consent)

24      Defendant alleges that the Complaint, and each and every alleged cause of action therein is

25  barred, in whole or in part, because Plaintiff and the putative class members consented to the

26  conduct about which they now complain.

27  ///

28  ///

-3-

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Restitutionary Relief Unavailable)

3    Defendant alleges that Plaintiff and the putative class members have not suffered any

4 losses and Defendant has not been unjustly enriched as a result of any action or inaction by

5 Defendants or its agents.  Plaintiff is therefore not entitled to any disgorgement or restitution.

6

## TWELFTH AFFIRMATIVE DEFENSE

7

### (No Wages Due)

8    Defendant alleges that Plaintiff and the putative class members have been paid and/or

9 received all wages due to them by virtue of their employment.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11

### (Lawful Business Conduct)

12    Defendant alleges that Plaintiff and the putative class members were treated fairly and in

13 good faith, and that all actions taken with regard to them were taken for lawful business reasons

14 and in good faith.

15

## FOURTEENTH AFFIRMATIVE DEFENSE

16

### (Avoidable Consequences)

17    Defendant alleges that each purported cause of action in the Complaint, or some of the

18 causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable

19 consequences.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

21

### (Exhaustion)

22    Defendant alleges that the Complaint and each cause of action set forth therein are barred,

23 in whole or in part, because Plaintiff and the putative class members failed to timely and

24 completely exhaust the requisite administrative, statutory, and/or contractual remedies available to

25 him prior to commencing this action.

26 ///

27 ///

28 ///

-4-

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Standing)

Defendant alleges that the Plaintiff and the putative class lack standing to assert one or more of the causes of action alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Right to Trial by Jury)

Defendant alleges that the adjudication of the claims of the putative class through generalized class-wide proof violates Defendant's right to trial by jury guaranteed by the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

Defendant alleges that, to the extent Plaintiff claims penalties, such claims must comport with the due process protections guaranteed by the United States and California Constitutions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Claim and Issue Preclusion)

All claims are barred, in whole or in part, by the judgment in the prior action by res judicata, claim preclusion, issue preclusion and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Acting in Conformity with the Labor Code)

Defendant had a reasonable basis to believe that it was acting in conformity with the Labor Code and Business and Professions Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Actions were Not Willful or Intentional)

Defendant alleges that its actions were neither willful nor intentional such that any award of penalties, fees or punitive damages would not be justified.

///

///

///

001/1052-006
38608   a10/31/13

ANSWER TO COMPLAINT          Exhibit B Page 41

1            **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2            **(Plaintiff Is Not An Adequate Class Representative)**

3            To the extent that Plaintiff is not an adequate representative of the interests of the class he

4 purports to represent, the Complaint's class action allegations are barred.

5            **TWENTY-THIRD AFFIRMATIVE DEFENSE**

6            **(Plaintiff's Counsel's Inadequate Representation)**

7            To the extent that Plaintiff's counsel cannot adequately and effectively represent the

8 interests of the putative class identified in the Complaint, the Complaint's class action allegations

9 are barred.

10            **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11            **(Individual Issues Predominate)**

12            Plaintiff's class action allegations are barred to the extent that individual issues of law and

13 fact predominate over common issues.

14            **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

15            **(Meal & Rest Breaks Were Provided)**

16            The Complaint, including specifically the first and second purported causes of action

17 therein, is barred, to the extent that meal and rest breaks were, and are, provided to Plaintiff and

18 the putative class members Plaintiff seeks to represent.

19            **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

20            **(Offset)**

21            Defendant denies that it unlawfully failed to pay any wages due to, or otherwise acted

22 improperly with respect to, Plaintiff or any member of the putative class. However, any

23 entitlement that Plaintiff or any putative class member may have to allegedly unpaid wages,

24 premium pay, or penalties is subject to an offset for payments Plaintiff or the putative class

25 members received as settlement for any prior claims against Defendant.

26 ///

27 ///

28 ///

001/1052-006
38608   a10/31/13

ANSWER TO COMPLAINT

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver or Release)

Defendant denies that it unlawfully failed to pay any wages due to, or otherwise acted improperly with respect to, Plaintiff or any member of the putative class.  However, any entitlement that Plaintiff or any putative class member may have to allegedly unpaid wages, premium pay, or penalties is barred to the extent that Plaintiff or the putative class members have waived and/or released any claim.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Liability For Payments That Are Not Working Time)

Plaintiff's Complaint, and each purported cause of action set forth therein, is barred to the extent that the hours for which Plaintiff and any putative class members claim compensation are not working time under California law, including the applicable California Industrial Welfare Commission Wage Order.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure To Disclose)

Any entitlement that Plaintiff or any individual putative class member may otherwise have had to receive compensation for allegedly unpaid wages or premiums, is barred to the extent that Plaintiff or any individual putative class member prevented Defendant from obtaining knowledge of hours worked or meal/rest periods that were not taken.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.  Defendant also specifically reserves the right to assert any of the foregoing affirmative defenses against each and every individual putative class member.

///

001/1052-006
38608   a10/31/13                    ANSWER TO COMPLAINT          Exhibit B Page 43

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Defendant be awarded its attorneys' fees (Gov. Code § 12965);

4. That Defendant be awarded its costs of suit; and

5. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated:  October 31, 2013                    Klatte, Budensiek & Young-Agriesti, LLP


By: _____
       Ernest W. "Will" Klatte, III
       Attorneys for Defendant
       FedEx Ground Package System, Inc.

1                                   **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3        I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Klatte, Budensiek & Young-Agriesti, LLP

4 20341 SW Birch Street, Suite 200, Newport Beach, California  92660-1514

5        On October 31, 2013, I served the following described as

6             **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S**

7                       **ANSWER TO COMPLAINT**

8 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9
       Peter M. Hart, Esq.                      Attorneys for Plaintiff,

10        Travis Hodgkins, Esq.                 Aaron Rangel

       Law Offices of Peter M. Hart

11        12121 Wilshire Blvd., Ste. 205

       Los Angeles, CA 90025

12

13        TEL:  (310) 478-5789

       FAX:  (509) 561-6441

14

15        Kenneth H. Yoon, Esq.               Co-Counsel for Plaintiff,

       Stephanie E. Yasuda, Esq.          Aaron Rangel

16        Law Offices of Kenneth H. Yoon

       One Wilshire Blvd., Ste. 2200

17        Los Angeles, CA 90017-3383

18        TEL:  (213) 612-0988

       FAX:  (213) 947-1211

19

20 [✔]    **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

21 postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is

22 presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23

24 [ ]    **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

25 [ ]    **(E-MAIL)** I transmitted a true copy of the foregoing document(s) to the email address(es) set forth as stated above.

26

27 [ ]    **(BY FEDEX)** I caused such envelope to be delivered by FedEx to the offices of the addressees.

28

1

[✓]     (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

2

        EXECUTED on October 31, 2013, at Newport Beach, California.

3

4

        Michele Morelli

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "C"

# Exhibit "C"

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**751 W. Santa Ana Blvd**

**Santa Ana , CA 92701**

**(657) 622-5300**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2013-00678062-CU-OE-CXC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>   Gail A. Andler | Civil Complex Center | CX101 | (657) 622-5300 |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

| |
|---|
| **Judicial Scheduling Calendar Information**<br><br>Individual courtroom information and the items listed below may be found at: www.occourts.org.<br><br>Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings. |
| **Ex Parte Matters**<br><br>Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing. |
| **Noticed Motions**<br><br>  * The following local Orange County Superior Court rules are listed for your convenience:<br>     - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.<br>     - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)<br>  * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.<br>  * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet. |
| **Other Information**<br><br>Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.<br><br>All fees and papers must be filed in the Clerk's Office of the Court Location address listed above. |

Date:  09/27/2013

Margaret M Demaria_____, Deputy Clerk

Exhibit C Page 47

V3 INIT 100 (June 2004)

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 10/21/2013            TIME: 09:36:00 AM        DEPT: CX101

JUDICIAL OFFICER PRESIDING: Gail A. Andler
CLERK: Mary White
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2013-00678062-CU-OE-CXC** CASE INIT.DATE: 09/24/2013
CASE TITLE: **Rangel vs. FedEx Ground Package System, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71826751
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 1000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Case Management Conference is scheduled for 12/04/2013 at 09:00 AM in Department CX101.

Plaintiff shall, at least 5 court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

CASE TITLE: Rangel vs. FedEx Ground Package
System, Inc.

CASE NO: **30-2013-00678062-CU-OE-CXC**

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy
of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on
21-OCT-2013, at Santa Ana, California. ALAN CARLSON /EXECUTIVE OFFICER & CLERK OF THE
SUPERIOR COURT, BY: M.WHITE deputy.

PETER M HART
TRAVIS HODKINS
LAW OFFICES OF PETER M HART
12121 WILSHIRE BLVD, STE 205
LOS ANGELES, CA 90025

KENNETH H YOON
STEPHANIE YASUDA
LAW OFFICES OF KENNETH H YOON
ONE WILSHIE BLVD, STE 2200
LOS ANGELES, CA 90017-3383

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Klatte, Budensiek & Young-Agriesti, LLP 20341 SW Birch Street, Suite 200, Newport Beach, California 92660-1514.

On October 31, 2013, I served the following described as:

## NOTICE OF REMOVAL OF ACTION (CLASS ACTION)

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

|  |  |
|---|---|
| Peter M. Hart, Esq. | Attorneys for Plaintiff, |
| Travis Hodgkins, Esq. | Aaron Rangel |
| Law Offices of Peter M. Hart | |
| 12121 Wilshire Blvd., Ste. 205 | |
| Los Angeles, CA 90025 | |
| | |
| TEL:  (310) 478-5789 | |
| FAX:  (509) 561-6441 | |
| | |
| Kenneth H. Yoon, Esq. | Co-Counsel for Plaintiff, |
| Stephanie E. Yasuda, Esq. | Aaron Rangel |
| Law Offices of Kenneth H. Yoon | |
| One Wilshire Blvd., Ste. 2200 | |
| Los Angeles, CA 90017-3383 | |
| | |
| TEL:  (213) 612-0988 | |
| FAX:  (213) 947-1211 | |

[✔]   **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

018/1052-006
38645 a10/31/13

1   []     **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by
2   hand to the offices of the addressee.

3   []     **(E-MAIL)** I transmitted a true copy of the foregoing document(s) to the email
4   address(es) set forth as stated above.

5   []     **(BY FEDEX)** I caused such envelope to be delivered by FedEx to the offices
    of the addressees.

6        I declare under penalty of perjury that I am employed in the office of a
7   member of the bar of this court at whose direction the service was made and that the
8   foregoing is true and correct.

9        Executed on **October 31, 2013,** at Newport Beach, California.

10

11          Michele Morelli

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

018/1052-006
38645 a10/31/13

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge     David O. Carter     and the assigned Magistrate Judge is     Jay C. Gandhi     .

The case number on all documents filed with the Court should read as follows:

## SACV13-01718 DOC (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 31, 2013
_____
Date

By   M. Barr
_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☒ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☐ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)        NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| AARON RANGEL, as an individual and on behalf of others similarly situated, | FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation, and DOES 1 through 100, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |
|---|---|
| Peter M. Hart, Esq./Travis Hodgkins, Esq. ***Co-Counsel Law Offices of Peter M. Hart 12121 Wilshire Blvd., Ste. 205 Los Angeles, CA 90025 TEL: (310) 478-5789; FAX: (509) 561-6441 | Ernest W. Klatte, III/Summer Young-Agriesti KLATTE, BUDENSIEK & YOUNG-AGRIESTI, LLP 20341 SW Birch, Suite 200 Newport Beach, California 92660 TEL: 949-221-8700; FAX: 949-222-1044 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding ☒ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332 (diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ-enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com-modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **SACV13-01718 DOC (JCGx)**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIM. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☐ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.I. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

American LegalNet, Inc.
www.FormsWorkFlow.com

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: 10/31/13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

\*\*\*

Kenneth H. Yoon, Esq.
Stephanie E. Yasuda, Esq.
Law Offices of Kenneth H. Yoon
One Wilshire Blvd., Ste. 2200
Los Angeles, CA 90017-3383

TEL: (213) 612-0988
FAX: (213) 947-1211

Co-Counsel for Plaintiff,
Aaron Rangel

American LegalNet, Inc.
www.FormsWorkFlow.com

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4

5

   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is Klatte, Budensiek & Young-Agriesti, LLP 20341 SW Birch Street, Suite 200, Newport Beach, California  92660-1514.

6

7

   On October 31, 2013, I served the following described as

8

## CIVIL COVER SHEET

9

10

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

11

12

13

14

| | |
|---|---|
| Peter M. Hart, Esq. | Attorneys for Plaintiff, |
| Travis Hodgkins, Esq. | Aaron Rangel |
| Law Offices of Peter M. Hart | |
| 12121 Wilshire Blvd., Ste. 205 | |
| Los Angeles, CA 90025 | |

15

16

TEL:  (310) 478-5789
FAX:  (509) 561-6441

17

18

19

20

| | |
|---|---|
| Kenneth H. Yoon, Esq. | Co-Counsel for Plaintiff, |
| Stephanie E. Yasuda, Esq. | Aaron Rangel |
| Law Offices of Kenneth H. Yoon | |
| One Wilshire Blvd., Ste. 2200 | |
| Los Angeles, CA 90017-3383 | |

21

22

TEL:  (213) 612-0988
FAX:  (213) 947-1211

23

24

25

26

27

[✔]   **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

28

1   []     **(BY PERSONAL DELIVERY)** I caused such envelope to be delivered by hand to the offices of the addressee.

2

3   []     **(E-MAIL)** I transmitted a true copy of the foregoing document(s) to the email address(es) set forth as stated above.

4

5   []     **(BY FEDEX)** I caused such envelope to be delivered by FedEx to the offices of the addressees.

6

7         I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

8

9         Executed on **October 31, 2013,** at Newport Beach, California.

10

11   Michele Morelli

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28