PETER M. HART (Bar No. 198691)
hartpeter@msn.com
TRAVIS HODGKINS (Bar No. 262063)
thodgkins.loph@gmail.com
**LAW OFFICES OF PETER M. HART**
12121 Wilshire Blvd., Suite 205
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

KENNETH H. YOON (Bar No. 198443)
kyoon@yoonlaw.com
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017-3383
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff AARON RANGEL

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RANGEL, as an individual and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendant. | Case No. SACV13-01718 DOC (JCGx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT  [56]** |

## <u>ORDER</u>

Plaintiff Aaron Rangel ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the above-referenced Action pursuant to the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement"), (b) conditionally certifying a class for purposes of proceedings in connection with the final approval of the Agreement, (c) approving the form of Notice of Settlement and directing the manner of delivery thereof, (d) approving Peter M. Hart and Travis Hodgkins, Law Offices of Peter M. Hart, and Kenneth H. Yoon, Law Offices of Kenneth H. Yoon, as Class Counsel.

IT IS HEREBY ORDERED THAT:

1.   The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant FedEx Ground Package System, Inc. ("Defendant") (collectively, the "Parties").  In making this preliminary finding, the Court considered the nature of the claims, the relative strengths and weaknesses of Plaintiff's claims, the amounts and kinds of benefits paid in Settlement, the allocation of Settlement proceeds among the class members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.  Accordingly, the Court preliminarily finds that the Agreement was entered into in good faith.

2.   The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), for Settlement purposes only and on approval of the Agreement only, that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's

claims are typical of those in the class and that there is adequate and fair representation.

3.    Accordingly, for purposes of the Agreement only, this case is hereby CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

4.    Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for Settlement purposes only Peter M. Hart and Travis Hodgkins, Law Offices of Peter M. Hart, and Kenneth H. Yoon, Law Offices of Kenneth H. Yoon, as Class Counsel.

5.    The Court hereby APPROVES Rust Consulting, Inc. as Claims Administrator for the purposes of this Settlement.

6.    A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on January 12, 2015 at 8:30 am for the following purposes:

a.    to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment for Settlement purposes only;

b.    to determine whether the proposed Settlement is fair, reasonable and adequate and should be granted final approval by the Court;

c.    to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the Agreement;

d.    to determine whether the proposed plan of allocation of the Gross Settlement Amount is fair and reasonable and should be approved by the Court;

e.    to finally consider Plaintiff's application for an Enhancement Payment not to exceed $7,500.00;

f.      to finally determine whether Class Counsel's application for an award of attorney fees and costs is fair, reasonable, and adequate and should be approved by the Court;

g.      to determine that the Claims Administrator's costs should be paid from the Gross Settlement Amount; and

h.      to rule upon such other matters as the Court may deem appropriate.

7.      **The "Notice of Settlement" and the "Claim Form" appended to the Joint Supplemental Brief Regarding Motion for Preliminary Approval of Class Action Settlement (Dkt. 60) as Exhibit A and Exhibit B, respectively, are hereby APPROVED.**  No later than twenty (20) calendar days after the entry of the Procedural Order, Defendants shall provide the Claims Administrator with the name, last known address, last known telephone number, and start and end dates of employment of each Class Member.  No later than fourteen (14) calendar days after receipt of such information, the Claims Administrator will send via first class mail the documents constituting the Notice Packet, which consists of the aforementioned Exhibit 1 and Exhibit 2, to each Class Member by first-class mail, postage prepaid.

8.      The Court finds that the Class Notice, along with the related notification materials and the website, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process.  The Court further finds that the notifications fully and accurately inform Class Members of all material elements of the proposed Settlement, of Class Members' right to dispute their share of the Settlement, of the Class Members' right to be excluded from the Class, and of each Class Member's right and opportunity to object to the Settlement.

9.      The Court hereby APPROVES the proposed procedure whereby all Class Members who do not timely request exclusion from the Settlement will be bound by the Agreement.  The Court hereby APPROVES the proposed Claim Period

Deadline of sixty (60) calendar days from the initial mailing of the Notice Packet.

10. The Court hereby APPROVES the proposed procedure for requesting exclusion from the Class. The request for exclusion must (a) be in writing; (b) state the name, address and telephone number of the Class Member; (c) state either the Class Member's approximate years of employment with Defendant or the employee identification number given to the Class Member by Defendant; (d) request exclusion from the Class and must state in substance: "I wish to opt out of the Class in: Aaron Rangel v. FedEx Ground Package System, Inc., United States District Court for the Central District of California, Case No. SACV 13-01718 DOC. I understand that by requesting to be excluded from the Class, I will receive no money from the Settlement described in the Notice I have received and read. I understand that even if I opt out of the Class, I will be bound by the release of the PAGA Claims upon Final Approval of the Settlement and Final Judgment. [Dated, Signed, Contact Information.]"; and (e) be post-marked no later than the Claim Period Deadline. The Class Member must personally sign the request for exclusion, except as provided in the Agreement for deceased or incapacitated Class Members. No request for exclusion may be made on behalf of a group of members of the Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

11. All costs of mailing of the Notice Packet, whether foreseen or not, shall be paid from the Gross Settlement Amount except Defendant shall pay for costs of administration in excess of $50,000.00 up to a maximum of $65,000.00, separate from the Gross Settlement Amount. In the event that the administrative costs exceed $65,000.00, the excess costs will be taken out of the Gross Settlement Amount. All other reasonable costs of the Claims Administrator shall also be paid from the Gross Settlement Amount.

12. Any person or entity who does not request exclusion but who wishes to object to the Settlement or otherwise to be heard concerning the Settlement

shall inform Class Counsel in writing of his or her intent to object to the Settlement and/or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Notice Packet, including the requirement that he or she timely send a notice of intent to object or appear by first-class mail, postage prepaid, to Class Counsel.  To be considered timely, the notice must be filed with the Court no later than the Claim Period Deadline and be timely served on Class Counsel and Defendant's Counsel.   The notice must set forth any and all objections to this Settlement and include any supporting papers and arguments.  Any person or entity who fails to submit such a timely written notice shall be barred from making any statement objecting to this Settlement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court.  Either of the Parties may file a responsive document to any notice of intent to object or appear with the Court no later than five (5) days before the Final Approval and Fairness Hearing.

13.    It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the Settlement are stayed.

14.    Jurisdiction is hereby retained over this Action and the Parties to the Action, and each of the Class Members for all matters relating to this Action, this Settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of this Settlement and this Order.

**15.    All currently scheduled hearings in this matter are hereby vacated, except that the trial date shall remain as set.**

IT IS SO ORDERED this 4th day of September, 2014.

September 4, 2014
DATE

*David O. Carter*

HON. DAVID O. CARTER
U.S. DISTRICT COURT, CENTRAL
DISTRICT OF CALIFORNIA